IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

THE ESTATE OF MARTHA DAWSON,

*et al.*,

    Plaintiffs,

v.                           CIVIL NO. 4:17-cv-93

DITECH FINANCIAL, LLC,

*et al.*,
    Defendants.

## MEMORANDUM OPINION

On August 4, 2017, the parties in the instant case appeared before the Court for a hearing on Plaintiffs' Motion for Preliminary Injunction and/or Temporary Restraining Order ("Motion" or "Motion for Injunction"). ECF No. 4. Plaintiffs' Motion sought to enjoin the foreclosure sale of property located at 13 Howe Road in Hampton, Virginia, which was scheduled to occur on August 4, 2017, at 4:15 p.m. After hearing testimony and argument, the Court denied Plaintiffs' Motion. See ECF No. 8. This Opinion elaborates on the reasons for the Court's decision.

### I. PROCEDURAL AND FACTUAL BACKGROUND

On July 31, 2017, the Estate of Martha Dawson, Martina Dawson Ellis, and Howard Ellis (collectively, "Plaintiffs") filed a complaint against Ditech Financial, LLC and Commonwealth Trustees, LLC (collectively, "Defendants") in the Circuit Court for the City of Hampton seeking injunctive relief and compensatory damages (hereinafter "Complaint" or "Compl."). ECF No. 1 at Ex. A. Plaintiffs' claims arise out of a mortgage loan secured by property located at 13 Howe Road in Hampton, Virginia (the "Property") and serviced by Defendant Ditech Financial, LLC ("Ditech"). Id. ¶ 6. According to the Complaint, the mortgagor on the loan, Martha E. Dawson,

1

died in July of 2015, after which her daughter, Plaintiff Martina Dawson Ellis, and Ms. Ellis' husband, Plaintiff Howard Ellis, moved into the Property and tried to assume the monthly mortgage payments. Compl. ¶¶ 8, 12–13. Plaintiffs allege that between October, 2015, and July, 2017, Mr. and Ms. Ellis made numerous payments to Ditech but were unable to keep the loan current. Id. ¶¶ 14–15. Plaintiffs further allege that on July 7, 2017, Mr. and Ms. Ellis received notice that a foreclosure sale of the Property would be conducted on August 4, 2017. Id. ¶ 20. On July 31, 2017, Plaintiffs filed the instant lawsuit to enjoin the foreclosure sale and to recover compensatory damages for Ditech's alleged breach of "the Promissory Note and the Deed of Trust." Id. ¶ 45.

On August 3, 2017, Defendant Ditech removed Plaintiffs' action to this Court, citing 28 U.S.C. §§ 1331 and 1332.[1] Id. at 1. On that same day, Plaintiffs filed the instant Motion to enjoin the foreclosure sale of the Property that was scheduled to occur the next day at 4:15 p.m. See Motion for Injunction, ECF No. 4; Pl. Mem. in Support, ECF No. 5. Hours later, Defendants filed a memorandum in opposition to Plaintiffs' Motion ("Def. Resp."). ECF No. 7. On August 4, 2017, prior to the scheduled foreclosure sale, the Court conducted a hearing and ultimately denied Plaintiffs' Motion. See ECF No. 8.

## II. APPLICABLE LAW

Rule 65 of the Federal Rules of Civil Procedure governs issuance of preliminary injunctions and temporary restraining orders. Fed. R. Civ. P. 65. Where, like here, the adverse party is on notice, the Court may enter a preliminary injunction when the movant demonstrates that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in its favor; and (4) an

---

[1] In its Notice of Removal, Ditech argues that Defendant Commonwealth Trustees, LLC, the trustee of the foreclosure sale, was fraudulently joined as a party and therefore did not need to consent to Ditech's removal of the case. Id. ¶¶ 10 n.2, 23.

injunction is in the public interest. Winter v. Natural Res. Defense Council, Inc., 555 U.S. 7, 20 (2008); Perry v. Judd, 471 Fed. App'x. 219, 223 (4th Cir. 2012). The Fourth Circuit has found that a plaintiff must "clearly show" that it is likely to succeed on the merits. Dewhurst v. Century Aluminum Co., 649 F.3d 287, 290 (4th Cir. 2011) (quoting Winter, 555 U.S. at 22). "The grant of preliminary injunctions [is] . . . an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied 'only in the limited circumstances' which clearly demand it." Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992) (quoting Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989)).

In this case, Ditech argues that Plaintiffs have not "clearly shown" that they are likely to succeed on the merits because they do not have standing to bring their claims. Def. Resp., ECF No. 7, at 3. Standing is a threshold issue in federal litigation because it determines "the propriety of judicial intervention." Warth v. Seldin, 422 U.S. 490, 518 (1975). The existence of federal jurisdiction, including standing, "ordinarily depends on the facts as they exist when the complaint is filed." Lujan v. Defs. of Wildlife, 504 U.S. 555, 571 (1992) (quoting Newman–Green, Inc. v. Alfonzo–Larrain, 490 U.S. 826, 830 (1989) (emphasis added)).

The standing doctrine is comprised of two distinct components: constitutional standing and prudential standing. Bishop v. Bartlett, 575 F.3d 419, 423 (4th Cir. 2009) (citing Allen v. Wright, 468 U.S. 737, 751 (1984)). Constitutional standing is derived from Article III of the United States Constitution. Id. In order to meet the Article III requirements for standing, a plaintiff must prove: (1) that he or she suffered an "injury-in-fact;" (2) a causal relationship between the injury and the challenged conduct; and (3) that the injury will likely be redressed by a favorable decision. Friends of the Earth, Inc. v. Laidlaw Envtl. Services, 528 U.S. 167, 180–81

(2000); Lujan, 504 U.S. at 560–61. Prudential standing, on the other hand, is the product of self-imposed nonconstitutional limitations on the federal courts' adjudicative authority. Bishop, 575 F.3d at 423. One such limitation is that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth, 422 U.S. at 499.

### III. DISCUSSION

Plaintiffs' Complaint asserts two primary claims against Defendants. First, it alleges that Ditech violated "Regulation X" of the Real Estate Settlement Procedures Act ("RESPA"), specifically, the regulatory provisions found in 12 C.F.R. §§ 1024.39(a) and 1024.41(c), (g). Compl. ¶¶ 36–42. Second, the Complaint alleges that the Defendants breached the "Promissory Note" and/or "Deed of Trust" securing the Property. Id. ¶¶ 32, 46. While Plaintiffs' Complaint does not attach any documents purporting to be the contract(s) at issue, Defendant Ditech attached to its opposition brief the Note between Martha E. Dawson, Borrower, and SunTrust Mortgage, Inc., Lender, for a loan on the subject Property, dated June 15, 2007, (Exhibit A), as well as the Deed of Trust given by Martha E. Dawson, as Borrower/Trustor, securing the Note (Exhibit B). ECF Nos. 7-1, 7-2. Plaintiffs do not contest the authenticity of these documents.

The instant Motion for Injunction is based solely on Plaintiffs' RESPA claim. ECF No. 4. In their supporting memorandum, Plaintiffs argue that they are likely to succeed on the merits of this claim because (1) Ditech failed to "cease foreclosure activity on [the Property]" after receiving Plaintiffs' "full and complete loss mitigation package" as required under 12 C.F.R. § 1024.41(g); (2) Ditech failed to provide notice to Plaintiffs of the loss mitigation options available as required under 12 C.F.R. § 1024.41(c); and (3) Ditech failed to "initiate live contact with the borrower once the loan bec[ame] thirty-six days delinquent" as required under 12 C.F.R. § 1024.39(a). ECF No. 5 at 2–3. In addition, Plaintiffs argue that the three other requirements

4

for injunctive relief are satisfied because (1) Mr. and Ms. Ellis currently reside in the Property and thus will be irreparably harmed by foreclosure; (2) the equities weight in favor of the Plaintiffs in this case who stand to lose their family home while Defendants stand "to lose nothing"; and (3) the public interest weighs in favor of enjoining foreclosures by loan servicers, like Ditech, "who run roughshod over borrowers." Id. at 3–4.

Ditech's key argument in opposition to Plaintiffs' Motion is jurisdictional: It argues that Plaintiffs cannot succeed on the merits of their RESPA claim because Plaintiffs lack standing. ECF No. 7 at 3–4. In support, Ditech argues that only the borrower can sue under RESPA, and here, Martha E. Dawson is the sole borrower identified in the Note and the Deed of Trust. Id. at 4 (citing Ex. A, ECF No. 7-1, at 4; Ex. B, ECF No. 7-2, at 1). Ditech adds that Mr. and Ms. Ellis are not parties to or the intended beneficiaries of either the Note or the Deed of Trust for the subject Property. Id. And despite Ms. Ellis' claim that she inherited the subject Property upon her mother's death, neither she nor Mr. Ellis is the executor or qualified administrator of Ms. Dawson's estate, nor did they assume Ms. Dawson's rights and obligations under the Note or Deed of Trust. Id. at 3–4. Without such privity of contract, Ditech argues that Plaintiffs lack standing to sue Ditech with respect to Ms. Dawson's mortgage or her rights thereunder. Id.

At the hearing on the instant Motion, Plaintiffs did not dispute the factual bases for Ditech's argument. Instead, Plaintiffs argued that, at all relevant times, Ditech treated Ms. Ellis as if she assumed Ms. Dawson's rights and obligations under the mortgage loan and therefore cannot now contest her standing to sue as a non-party to the Note or Deed of Trust. In support, Ms. Ellis testified to the following facts: (1) that in October of 2015, she notified Ditech of her mother's death, after which Ditech requested a copy of Ms. Dawson's death certificate and accepted same; (2) that between October, 2015, and July, 2017, Mr. and Ms. Ellis made multiple

loan payments to Ditech totaling at least $9,900; and (3) that Ditech accepted and cashed all of these payments. In addition, Plaintiffs produced to the Court a copy of Ms. Dawson's will showing that Ms. Dawson bequeathed the subject Property to Ms. Ellis. See Court's Exhibit 1, ECF No. 8. Plaintiffs' counsel also provided proof that this will was probated during the Court's recess on August 4, 2017.

Ultimately, Plaintiffs' evidence and testimony was unavailing. RESPA expressly limits potential claims to the "borrower," and courts have declined to expand the meaning of that term. See 12 U.S.C. § 2605(f) ("Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure . . .") (emphasis added); Johnson v. Ocwen Loan Servicing, 374 F. App'x 868, 874 (11th Cir. 2010) (unpublished) (dismissing non-borrower's RESPA claim due to lack of standing); Leblow v. BAC Home Loans Servicing, L.P., No. 1:12cv246, 2013 WL 2317726, at *7 (W.D.N.C. May 28, 2013) (same, collecting cases). Furthermore, in Virginia, "the borrower is the only party with standing to bring an action, whether for damages after the fact of the improper [foreclosure] sale or to bar the improper [foreclosure] sale in equity before it occurs." Mathews v. PHH Mortg. Co., 283 Va. 723724 S.E.2d 196 (Va. 2012); see also Morrison v. Wells Fargo Bank, N.A., 30 F. Supp. 3d 449, 454 (E.D. Va. 2014) (under Virginia law, to sue on a contract one must be a party to or beneficiary of the contract). At the time the instant lawsuit was filed, Plaintiffs were neither the borrower on the loan nor the qualified administrator of Ms. Dawson's estate, and Ms. Dawson's will names Samia Wilson Byrd as executor of the estate. ECF No. 8, Court's Ex. 1. Therefore, Plaintiffs do not have standing to bring their RESPA claim.

In addition, while the Court finds much of Ditech's conduct in this case objectionable, particularly its lack of transparency with Mr. and Ms. Ellis as unsophisticated parties, such

conduct does not constitute waiver or otherwise confer standing on the Plaintiffs to stand in the shoes of Ms. Dawson as the borrower. Indeed, the express terms of the Deed of Trust preclude this argument:

> Any forbearance by Lender in exercising any right or remedy, including, without limitation, ***Lender's acceptance of payments from third persons***, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

Deed of Trust, ECF No. 7-2, ¶ 12 (emphasis added). Unfortunately, Ms. Dawson's will does not qualify Ms. Ellis as executor of Ms. Dawson's estate. Moreover, the will was not probated until after the suit was filed and during a recess at the August 4, 2017 hearing. Standing must exist at the time the Complaint was filed, Lujan, 504 U.S. at 571, and none existed at that time.

### IV. CONCLUSION

For these reasons, the Court **FOUND** that the Plaintiffs did not have standing to bring their RESPA claim. Therefore, the Court lacked jurisdiction to grant the relief requested in Plaintiffs' Motion. Accordingly, Plaintiffs' Motion for Injunction was **DENIED**. ECF No. 4.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
August 11, 2017